UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTHIAN EDUARDO BAILON
DELGADO,

    Movant,

v.                                             Case No. 8:25-cv-3034-WFJ-CPT
                                              Crim. Case No. 8:19-cr-234-WFJ-CPT

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Christhian Eduardo Bailon Delgado is a federal prisoner serving a 168-month sentence for conspiracy to possess with intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States. (Crim. Doc. 72). He initiated this action by filing a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. (Civ. Doc. 1). Mr. Delgado's sole claim for relief is that he is entitled to resentencing under a lower guidelines range because of recent amendments to the Sentencing Guidelines. (*Id.* at 1). After careful review, the Court concludes that the § 2255 motion must be **DENIED without prejudice**. *See* Rule 4(b), Rules Governing Section 2255 Cases ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Mr. Delgado seeks relief under guideline amendments that became effective on November 1, 2025. (Civ. Doc. 1 at 1). As relevant here, the United States Sentencing Commission "amended [USSG] § 2D1.1(e)(2)(B)'s special instructions [to] expand the circumstances under which [a mitigating-role adjustment] is warranted in drug offenses." *United States v. Maciel*, 789 F. Supp. 3d 934, 936 (S.D. Cal. 2025). The revised guidelines state, among other things, that a mitigating-role adjustment "is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function." USSG § 2D1.1(e)(2)(B). In his motion, Mr. Delgado seeks "retroactive" application of these amendments to his guideline range. (Civ. Doc. 1 at 1).

Mr. Delgado cannot pursue his guideline-based claim under § 2255. The amendments on which he relies have yet to be made retroactive.[1] *See United States v. Kuot*, No. 4:20-cr-3130, 2025 WL 3079996, at *1 & n.1 (D. Neb. Nov. 3, 2025) (noting that recent guideline amendments regarding "mitigating role adjustments in drug trafficking cases" have not "been applied retroactively yet"); *see also* USSG § 1B1.10. Section 2255 "cannot be used to make retroactive a guideline amendment that is not retroactive." *United States v. Gonzalez*, No. 5:12-cr-9-RH-HTC, 2019 WL 2724337, at *1 (N.D. Fla. June 29, 2019); *see also United States v. Pineda*, No. 8:16-cv-2211-SDM-AAS, 2016 WL 4814804, at *1 (M.D. Fla. Sept. 14, 2016) (denying relief under § 2255 because guideline amendment

---

[1] In July 2025, the Sentencing Commission held a public hearing on "whether to designate as retroactive certain 2025 guideline amendments," including the mitigating-role amendment at issue here. United States Sentencing Commission, Public Hearing on Retroactivity, https://www.ussc.gov/policymaking/meetings-hearings/public-hearing-july-16-2025 (last visited November 6, 2025).

did not "appl[y] retroactively on collateral review"). Therefore, Mr. Delgado is not entitled to relief under § 2255.

If the Sentencing Commission elects to give retroactive effect to the relevant guideline amendments, Mr. Delgado may at that point file a motion under 18 U.S.C. § 3582(c) in his criminal case. *See Pate v. United States*, No. 1:18-cr-8, 2024 WL 3258198, at *4 (S.D. Ga. July 1, 2024) (noting that "the proper way to request [a sentence] reduction [based on a retroactive guideline amendment] is not § 2255, but instead by motion . . . under 18 U.S.C. § 3582(c)(2) for modification of [the] sentence"); *Jimenez v. United States*, No. 17-cv-768-JLL, 2017 WL 1362858, at *2 (D.N.J. Apr. 10, 2017) ("[A] motion for resentencing based on amendments to the Guidelines is not appropriately brought in a § 2255 motion [but instead should be brought by filing] a motion under 18 U.S.C. § 3582(c)(2) in [the petitioner's] criminal case.").

Accordingly, Mr. Delgado's motion to vacate under § 2255, (Civ. Doc. 1), is **DENIED without prejudice**. The Clerk is directed to enter judgment against Mr. Delgado, to **CLOSE** this case, and to enter a copy of this order in the criminal case. Because Mr. Delgado fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2).

**DONE** and **ORDERED** in Tampa, Florida, on November 6, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE